## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

| | | |
|---|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, | : : : : | Civil Action No. 06-5212 (JAG) |
| Plaintiffs, | : : | |
| vs. | : : | |
| ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE, | : : : : : : : | |
| Defendants. | : : | |

AFFIDAVIT BINDER

## AFFIDAVIT INDEX

Tab

**Bankers**

Affidavit of Walter Bukowski........................................................................................1

Affidavit of Michael D'Ecclesiis..................................................................................2

Affidavit of Gerald Eicke.............................................................................................3

Affidavit of Alexander Fainberg..................................................................................4

Affidavit of Hamid Fashandi........................................................................................5

Affidavit of Jonathan Feniak.......................................................................................6

Affidavit of David Fine.................................................................................................7

Affidavit of Antony Ghee.............................................................................................8

Affidavit of David Gonzalez........................................................................................9

Affidavit of Edward Herman......................................................................................10

Affidavit of Philip Ho.................................................................................................11

Affidavit of George Kanakis......................................................................................12

Affidavit of Brian Keane............................................................................................13

Affidavit of David Kopp.............................................................................................14

Affidavit of Christopher Maloney..............................................................................15

Affidavit of Troy Rillo...............................................................................................16

Affidavit of Michael Rosselli.....................................................................................17

Certification of Matt Beckman...................................................................................18

1

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

|  |  |  |
|---|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, | : | |
| | : | Civil Action No. 06-5212 (JAG) |
| | : | (Hon. Joseph A. Greenaway, Jr., U.S.D.J.) |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE, | : | **AFFIDAVIT OF WALTER BUKOWSKI** |
| | : | |
| Defendants. | : | |

STATE OF NEW JERSEY )
                         ) ss.:
COUNTY OF HUDSON )

Walter Bukowski, of full age, being duly sworn upon his oath, hereby deposes and says:

1.     I am employed by Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC, in the capacity of a Vice President of Corporate Finance. My employment commenced in January 2004.

2.    My bonus compensation is discretionary but generally my bonus compensation has historically been tied to the amount of banker's fee on each of the deals that I generate for the funds managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.    All bonus and other compensation is paid to me by Yorkville and in no instance am I or anyone else entitled to a bonus or other compensation from a fund managed by Yorkville.

4.    With respect to the equity/warrants portion of the banker's fee, in no instance am I entitled to, nor have I ever received, a warrant in kind. Rather, with respect to the equity portion of the fee, I will generally receive a discretionary bonus from Yorkville once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay me a bonus based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of my bonus is paid by the fund

5.    It has always been the policy of Yorkville not to distribute warrants to its bankers, which is why I only receive their monetized value in the fashion set forth above.

6.    It is my understanding that no banker associated with Yorkville receives warrants, but rather the monetized value of the stock to which the warrant is converted once that warrant is sold.

_____
Walter Bukowski

Sworn to and subscribed before me
this 5th day of January, 2007

_____
NOTARY PUBLIC
ARLENE M. KILANOWSKI
A Notary Public of New Jersey
My Commission Expires 9/19/2011

2

2

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

---

|  |  |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, | : <br> : <br> : <br> : Civil Action No. 06-5212 (JAG) <br> : (Hon. Joseph A. Greenaway, Jr., U.S.D.J.) |
| Plaintiffs, | : <br> : |
| vs. | : <br> : |
| ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE, | : <br> : <br> : <br> : <br> : <br> : **AFFIDAVIT OF** <br> **MICHAEL D'ECCLESIIS** |
| Defendants. | : <br> : |

---

STATE OF NEW JERSEY )
                     ) ss.:
COUNTY OF HUDSON     )

Michael D'Ecclesiis, of full age, being duly sworn upon his oath, hereby deposes and says:

1.  I am employed by Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC, in the capacity of a Associate, Corporate Finance. My employment commenced in January 1, 2006.

2.      My bonus compensation is discretionary but generally my bonus compensation has historically been tied to the amount of banker's fee on each of the deals that I generate for the funds managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.      All bonus and other compensation is paid to me by Yorkville and in no instance am I or anyone else entitled to a bonus or other compensation from a fund managed by Yorkville.

4.      With respect to the equity/warrants portion of the banker's fee, in no instance am I entitled to, nor have I ever received, a warrant in kind. Rather, with respect to the equity portion of the fee, I will generally receive a discretionary bonus from Yorkville once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay me a bonus based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of my bonus is paid by the fund

5.      It has always been the policy of Yorkville not to distribute warrants to its bankers, which is why I only receive their monetized value in the fashion set forth above.

6.      It is my understanding that no banker associated with Yorkville receives warrants, but rather the monetized value of the stock to which the warrant is converted once that warrant is sold.

_____
Michael D'Ecclesiis,

Sworn to and subscribed before me
this 5th day of January, 2007

_____
NOTARY PUBLIC

ARLENE M. KILANOWSKI
A Notary Public of New Jersey
My Commission Expires 9/19/2011

2

3

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

| | |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, | : <br> : <br> : <br> : Civil Action No. 06-5212 (JAG) <br> : (Hon. Joseph A. Greenaway, Jr., U.S.D.J.) |
| Plaintiffs, | : <br> : |
| vs. | : <br> : |
| ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE, | : <br> : **AFFIDAVIT OF** <br> : **GERALD EICKE** <br> : <br> : <br> : <br> : |
| Defendants. | : |

STATE OF NEW JERSEY  )
                         ) ss.:
COUNTY OF HUDSON   )

Gerald Eicke of full age, being duly sworn upon his oath, hereby deposes and says:

1. I am managing member of Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC. In my role, I supervise all Yorkville employees (including all bankers employed by Yorkville) whom are responsible for producing transactions for the funds managed by Yorkville. I became affiliated with Yorkville in March 2002

2.      I am familiar with all aspects of compensation paid to Yorkville employees, including, without limitation, bonus compensation. Historically, bonus compensation has been tied to the amount of banker's fee on each deal generated by a banker for the funds managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.      All bonus and other compensation is paid to bankers by Yorkville and in no instance is any banker or other employee entitled to a bonus or other compensation from a fund managed by Yorkville.

4.      With respect to the equity/warrants portion of the banker's fee, in no instance is any banker entitled to, nor has any banker received, a warrant in his or her individual name (*i.e.*, in kind). Rather, with respect to the equity portion of the fee, Yorkville pays discretionary bonuses once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay a bonus to the banker based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of the bonus is paid by the fund.

5.      At all relevant times it has been the policy of Yorkville not to distribute warrants to its bankers, which is why the bankers only receive a part of monetized value in the fashion set forth above.

6.      Highgate and the other funds managed by Yorkville earn these warrants as a result of its investment in a transaction. No one has been authorized to transfer warrants from Highgate or any other fund managed by Yorkville to his or her individual name.

_____
Gerald Eicke

Sworn to and subscribed before me
this 5th day of January, 2007

_arlene m. Kilanowski_
NOTARY PUBLIC

ARLENE M. KILANOWSKI
A Notary Public of New Jersey
My Commission Expires 9/19/2011

2

4

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

| | |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, | : |
| | : Civil Action No. 06-5212 (JAG) |
| | : (Hon. Joseph A. Greenaway, Jr., U.S.D.J.) |
| Plaintiffs, | : |
| | : |
| vs. | : |
| | : |
| ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE, | : |
| | : **AFFIDAVIT OF** |
| | : **ALEXANDER FAINBERG** |
| | : |
| | : |
| Defendants. | : |
| | : |

STATE OF NEW JERSEY    )
                                           ) ss.:
COUNTY OF HUDSON    )

Alexander Fainberg, of full age, being duly sworn upon his oath, hereby deposes and says:

1.     I am employed by Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC, in the capacity of a Vice President. My employment commenced in November 2004.

2.      My bonus compensation is discretionary but generally my bonus compensation has historically been tied to the amount of banker's fee on each of the deals that I generate for the funds managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.      All bonus and other compensation is paid to me by Yorkville and in no instance am I or anyone else entitled to a bonus or other compensation from a fund managed by Yorkville.

4.      With respect to the equity/warrants portion of the banker's fee, in no instance am I entitled to, nor have I ever received, a warrant in kind. Rather, with respect to the equity portion of the fee, I will generally receive a discretionary bonus from Yorkville once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay me a bonus based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of my bonus is paid by the fund

5.      It has always been the policy of Yorkville not to distribute warrants to its bankers, which is why I only receive their monetized value in the fashion set forth above.

6.      It is my understanding that no banker associated with Yorkville receives warrants, but rather the monetized value of the stock to which the warrant is converted once that warrant is sold.

Alexander Fainberg

Sworn to and subscribed before me
this 5th day of January, 2007

NOTARY PUBLIC

ARLENE M. KILANOWSKI
A Notary Public of New Jersey
My Commission Expires 9/19/2011

2

5

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

|  |  |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company,<br><br>        Plaintiffs,<br><br>        vs.<br><br>ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE,<br><br>        Defendants. | : Civil Action No. 06-5212 (JAG)<br>: (Hon. Joseph A. Greenaway, Jr., U.S.D.J.)<br>:<br>:<br>:<br>:<br>:<br>:<br>: **AFFIDAVIT OF**<br>: **HAMID FASHANDI**<br>:<br>:<br>:<br>:<br>:<br>: |

STATE OF NEW JERSEY  )
                   ) ss.:
COUNTY OF HUDSON   )

Hamid Fashandi, of full age, being duly sworn upon his oath, hereby deposes and says:

1.     I am employed by Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC, in the capacity of a Senior Vice President of Corporate Finance. My employment commenced in August 2001.

2.      My bonus compensation is discretionary but generally my bonus compensation has historically been tied to the amount of banker's fee on each of the deals that I generate for the funds managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.      All bonus and other compensation is paid to me by Yorkville and in no instance am I or anyone else entitled to a bonus or other compensation from a fund managed by Yorkville.

4.      With respect to the equity/warrants portion of the banker's fee, in no instance am I entitled to, nor have I ever received, a warrant in kind. Rather, with respect to the equity portion of the fee, I will generally receive a discretionary bonus from Yorkville once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay me a bonus based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of my bonus is paid by the fund

5.      It has always been the policy of Yorkville not to distribute warrants to its bankers, which is why I only receive their monetized value in the fashion set forth above.

6.      It is my understanding that no banker associated with Yorkville receives warrants, but rather the monetized value of the stock to which the warrant is converted once that warrant is sold.

_____
Hamid Fashandi

Sworn to and subscribed before me
this 5th day of January, 2007

_____
NOTARY PUBLIC

**ARLENE M. KILANOWSKI**
**A Notary Public of New Jersey**
**My Commission Expires 9/19/2011**

2

6

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

|  |  |  |
|---|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, | : : : : | |
| | : | Civil Action No. 06-5212 (JAG) |
| | : | (Hon. Joseph A. Greenaway, Jr., U.S.D.J.) |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE, | : : : : : : : | **AFFIDAVIT OF JONATHAN FENIAK** |
| | : | |
| Defendants. | : | |

STATE OF NEW JERSEY    )
                                              ) ss.:
COUNTY OF HUDSON      )

Jonathan Feniak, of full age, being duly sworn upon his oath, hereby deposes and says:

1.    I am employed by Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC, in the capacity of a Vice President. My employment commenced in June 2004.

2.    My bonus compensation is discretionary but generally my bonus compensation has historically been tied to the amount of banker's fee on each of the deals that I generate for the funds

managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.    All bonus and other compensation is paid to me by Yorkville and in no instance am I or anyone else entitled to a bonus or other compensation from a fund managed by Yorkville.

4.    With respect to the equity/warrants portion of the banker's fee, in no instance am I entitled to, nor have I ever received, a warrant in kind. Rather, with respect to the equity portion of the fee, I will generally receive a discretionary bonus from Yorkville once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay me a bonus based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of my bonus is paid by the fund

5.    It has always been the policy of Yorkville not to distribute warrants to its bankers, which is why I only receive their monetized value in the fashion set forth above.

6.    It is my understanding that no banker associated with Yorkville receives warrants, but rather the monetized value of the stock to which the warrant is converted once that warrant is sold.

_Jonathan Feniak_

Sworn to and subscribed before me
this 5th day of January, 2007

_Arlene M. Kilanowski_
NOTARY PUBLIC

ARLENE M. KILANOWSKI
A Notary Public of New Jersey
My Commission Expires 9/19/2011

2

7

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

| | |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, <br><br> Plaintiffs, <br><br> vs. <br><br> ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE, <br><br> Defendants. | : Civil Action No. 06-5212 (JAG) <br> : (Hon. Joseph A. Greenaway, Jr., U.S.D.J.) <br><br><br><br><br> **AFFIDAVIT OF** <br> **DAVID FINE** |

STATE OF NEW JERSEY  )
                                         ) ss.:
COUNTY OF HUDSON  )

David Fine, of full age, being duly sworn upon his oath, hereby deposes and says:

1.    I am employed by Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC, in the capacity of a Senior Legal Counsel. In my role, I supervise banker's employed by Yorkville whom are responsible for producing transactions for the funds managed by Yorkville. My employment commenced on October 2004.

2.      My bonus compensation is discretionary but generally my bonus compensation has historically been tied to the amount of banker's fee on each of the deals that I or the banker's under my supervision generate for the funds managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.      All bonus and other compensation is paid to me by Yorkville and in no instance am I or anyone else entitled to a bonus or other compensation from a fund managed by Yorkville.

4.      With respect to the equity/warrants portion of the banker's fee, in no instance am I entitled to, nor have I ever received, a warrant in my individual name (*i.e.*, in kind). Rather, with respect to the equity portion of the fee, I will generally receive a discretionary bonus from Yorkville once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay me a bonus based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of my bonus is paid by the fund.

5.      It has always been the policy of Yorkville not to distribute warrants to its bankers, which is why I only receive their monetized value in the fashion set forth above.

6.      I know of no one associated with Yorkville who has ever received a warrant in his individual name. Highgate and the other funds managed by Yorkville earn these warrants as a result of its investment in a transaction.

David Fine

Sworn to and subscribed before me
this 5⁷ᵗʰ day of January, 2007

_____
NOTARY PUBLIC

ARLENE M. KILANOWSKI
A Notary Public of New Jersey
My Commission Expires 9/19/2011                    2

8

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

| | |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, <br><br> Plaintiffs, <br><br> vs. <br><br> ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE, <br><br> Defendants. | : Civil Action No. 06-5212 (JAG) <br> : (Hon. Joseph A. Greenaway, Jr., U.S.D.J.) <br> : <br> : <br> : <br> : <br> : <br> : <br> : **AFFIDAVIT OF** <br> : **ANTONY GHEE** <br> : <br> : <br> : <br> : <br> : |

STATE OF NEW JERSEY )
                   ) ss.:
COUNTY OF HUDSON )

Antony Ghee, of full age, being duly sworn upon his oath, hereby deposes and says:

1.    I am employed by Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC, in the capacity of a Senior Vice President. My employment commenced on May 2005.

2.      My bonus compensation is discretionary but generally my bonus compensation has historically been tied to the amount of bankers fee on each of the deals that I generate for the funds managed by Yorkville.  The banker's fee normally includes payments of cash and equity, including warrants.

3.      All bonus and other compensation is paid to me by Yorkville and in no instance am I or anyone else entitled to a bonus or other compensation from a fund managed by Yorkville.

4.      With respect to the equity/warrants portion of the banker's fee, in no instance am I entitled to, nor have I ever received, a warrant in kind.  Rather, with respect to the equity portion of the fee, I will generally receive a discretionary bonus from Yorkville once the equity is monetized.  For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay me a bonus based on a percentage of the proceeds received by the fund upon the sale of the stock.  No part of my bonus is paid by the fund

5.      It has always been the policy of Yorkville not to distribute warrants to its bankers, which is why I only receive their monetized value in the fashion set forth above.

6.      It is my understanding that no banker associated with Yorkville receives warrants, but rather the monetized value of the stock to which the warrant is converted once that warrant is sold.

_____
Antony Ghee

Sworn to and subscribed before me
this 5th day of January, 2007

_____
NOTARY PUBLIC

ARLENE M. KILANOWSKI
A Notary Public of New Jersey
My Commission Expires 9/19/2011

2

9

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

---

| | |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company,    :    :    : | : Civil Action No. 06-5212 (JAG) : (Hon. Joseph A. Greenaway, Jr., U.S.D.J.) |

YORKVILLE ADVISORS MANAGEMENT, : 
LLC, a Delaware limited liability company; :
HIGHGATE HOUSE FUNDS, LTD., a Cayman :
Islands exempted company,               : Civil Action No. 06-5212 (JAG)
                                     : (Hon. Joseph A. Greenaway, Jr., U.S.D.J.)

                   Plaintiffs,        :

                       :

          vs.                :

                       :

ADAM S. GOTTBETTER; HH ADVISORS,    :
LLC, a New York limited liability company;  :          **AFFIDAVIT OF**
GOTTBETTER AND PARTNERS         :          **DAVID GONZALEZ**
LLP, a New York limited liability partnership; :
JASON RIMLAND, ESQ.; TIM L. DOCKERY,  :
ESQ., and MICHAEL CHORSKE,         :

                       :

          Defendants.      :

                       :

---

STATE OF NEW JERSEY   )
                    ) ss.:
COUNTY OF HUDSON     )

     David Gonzalez of full age, being duly sworn upon his oath, hereby deposes and says:

     1.     I am managing member of Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC. In my role, I supervise all Yorkville employees (including all bankers employed by Yorkville) whom are responsible for producing transactions for the funds managed by Yorkville. I became affiliated with Yorkville in September 2004.

2.     I am familiar with all aspects of compensation paid to Yorkville employees, including, without limitation, bonus compensation. Historically, bonus compensation has been tied to the amount of banker's fee on each deal generated by a banker for the funds managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.     All bonus and other compensation is paid to bankers by Yorkville and in no instance is any banker or other employee entitled to a bonus or other compensation from a fund managed by Yorkville.

4.     With respect to the equity/warrants portion of the banker's fee, in no instance is any banker entitled to, nor has any banker received, a warrant in his or her individual name (*i.e.*, in kind). Rather, with respect to the equity portion of the fee, Yorkville pays discretionary bonuses once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay a bonus to the banker based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of the bonus is paid by the fund.

5.     At all relevant times it has been the policy of Yorkville not to distribute warrants to its bankers, which is why the bankers only receive a part of monetized value in the fashion set forth above.

6.     Highgate and the other funds managed by Yorkville earn these warrants as a result of its investment in a transaction. No one has been authorized to transfer warrants from Highgate or any other fund managed by Yorkville to his or her individual name.

David Gonzalez

Sworn to and subscribed before me
this 5th day of January, 2007

_Arlene M. Kilanowski_
NOTARY PUBLIC

ARLENE M. KILANOWSKI
A Notary Public of New Jersey
My Commission Expires 9/19/2011

2

10

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

|  |  |  |
|---|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, | : : : : | Civil Action No. 06-5212 (JAG) (Hon. Joseph A. Greenaway, Jr., U.S.D.J.) |
| Plaintiffs, | : : | |
| vs. | : : : | |
| ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE, | : : : : : : : | **AFFIDAVIT OF EDWARD HERMAN** |
| Defendants. | : : : | |

STATE OF NEW JERSEY   )
                                                   ) ss.:
COUNTY OF HUDSON     )

Edward Herman, of full age, being duly sworn upon his oath, hereby deposes and says:

1.      I am employed by Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC, in the capacity of a Vice President, Corporate Finance. My employment commenced in April 2005.

2.    My bonus compensation is discretionary but generally my bonus compensation has historically been tied to the amount of banker's fee on each of the deals that I generate for the funds managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.    All bonus and other compensation is paid to me by Yorkville and in no instance am I or anyone else entitled to a bonus or other compensation from a fund managed by Yorkville.

4.    With respect to the equity/warrants portion of the banker's fee, in no instance am I entitled to, nor have I ever received, a warrant in kind. Rather, with respect to the equity portion of the fee, I will generally receive a discretionary bonus from Yorkville once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay me a bonus based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of my bonus is paid by the fund

5.    It has always been the policy of Yorkville not to distribute warrants to its bankers, which is why I only receive their monetized value in the fashion set forth above.

6.    It is my understanding that no banker associated with Yorkville receives warrants, but rather the monetized value of the stock to which the warrant is converted once that warrant is sold.

_____
Edward Herman

Sworn to and subscribed before me
this 5th day of January, 2007

_____
NOTARY PUBLIC

ARLENE M. KILANOWSKI
A Notary Public of New Jersey
My Commission Expires 9/19/2011

2

11

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

| | |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, | : |
| | : Civil Action No. 06-5212 (JAG) |
| | : (Hon. Joseph A. Greenaway, Jr., U.S.D.J.) |
| Plaintiffs, | : |
| | : |
| vs. | : |
| | : |
| ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE, | : **AFFIDAVIT OF** |
| | : **PHILIP HO** |
| | : |
| Defendants. | : |

STATE OF NEW JERSEY )
                     ) ss.:
COUNTY OF HUDSON     )

Philip Ho, of full age, being duly sworn upon his oath, hereby deposes and says:

1.      I am employed by Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC, in the capacity of a Managing Director, Global Capital Markets. My employment commenced in February 2002.

2.      My bonus compensation is discretionary but generally my bonus compensation has historically been tied to the amount of banker's fee on each of the deals that I generate for the funds

managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.    All bonus and other compensation is paid to me by Yorkville and in no instance am I or anyone else entitled to a bonus or other compensation from a fund managed by Yorkville.

4.    With respect to the equity/warrants portion of the banker's fee, in no instance am I entitled to, nor have I ever received, a warrant in kind. Rather, with respect to the equity portion of the fee, I will generally receive a discretionary bonus from Yorkville once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay me a bonus based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of my bonus is paid by the fund

5.    It has always been the policy of Yorkville not to distribute warrants to its bankers, which is why I only receive their monetized value in the fashion set forth above.

6.    It is my understanding that no banker associated with Yorkville receives warrants, but rather the monetized value of the stock to which the warrant is converted once that warrant is sold.

_____
Philip Ho

Sworn to and subscribed before me
this 5ʰ day of January, 2007

_____
NOTARY PUBLIC
ARLENE M. KILANOWSKI
A Notary Public of New Jersey
My Commission Expires 9/19/2011

2

12

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

| | |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, | : <br> : <br> : <br> : Civil Action No. 06-5212 (JAG) <br> : (Hon. Joseph A. Greenaway, Jr., U.S.D.J.) |
| Plaintiffs, | : |
| vs. | : <br> : |
| ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE, | : <br> : **AFFIDAVIT OF** <br> : **GEORGE KANAKIS** <br> : <br> : <br> : |
| Defendants. | : |

STATE OF NEW JERSEY )
                     ) ss.:
COUNTY OF HUDSON )

George Kanakis, of full age, being duly sworn upon his oath, hereby deposes and says:

1.      I am employed by Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC, in the capacity of a Senior Vice President of Corporate Finance. My employment commenced in March 2002.

2.	My bonus compensation is discretionary but generally my bonus compensation has historically been tied to the amount of banker's fee on each of the deals that I generate for the funds managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.	All bonus and other compensation is paid to me by Yorkville and in no instance am I or anyone else entitled to a bonus or other compensation from a fund managed by Yorkville.

4.	With respect to the equity/warrants portion of the banker's fee, in no instance am I entitled to, nor have I ever received, a warrant in kind. Rather, with respect to the equity portion of the fee, I will generally receive a discretionary bonus from Yorkville once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay me a bonus based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of my bonus is paid by the fund

5.	It has always been the policy of Yorkville not to distribute warrants to its bankers, which is why I only receive their monetized value in the fashion set forth above.

6.	It is my understanding that no banker associated with Yorkville receives warrants, but rather the monetized value of the stock to which the warrant is converted once that warrant is sold.

_George Kanakis_
George Kanakis

Sworn to and subscribed before me
this 5ᵗʰ day of January, 2007

_Arlene M Kilanowski_
NOTARY PUBLIC

ARLENE M. KILANOWSKI
A Notary Public of New Jersey
My Commission Expires 9/19/2011

2

13

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

| | |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company,<br><br>         Plaintiffs,<br><br>         vs.<br><br>ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE,<br><br>         Defendants. | : Civil Action No. 06-5212 (JAG)<br>: (Hon. Joseph A. Greenaway, Jr., U.S.D.J.)<br><br><br><br>**AFFIDAVIT OF<br>BRIAN KEANE** |

STATE OF NEW JERSEY   )
                        ) ss.:
COUNTY OF HUDSON     )

Brian Keane, of full age, being duly sworn upon his oath, hereby deposes and says:

1.     I am employed by Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC, in the capacity of a Senior Vice President, Corporate Finance . My employment commenced in June 2002.

2.      My bonus compensation is discretionary but generally my bonus compensation has historically been tied to the amount of banker's fee on each of the deals that I generate for the funds managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.      All bonus and other compensation is paid to me by Yorkville and in no instance am I or anyone else entitled to a bonus or other compensation from a fund managed by Yorkville.

4.      With respect to the equity/warrants portion of the banker's fee, in no instance am I entitled to, nor have I ever received, a warrant in kind. Rather, with respect to the equity portion of the fee, I will generally receive a discretionary bonus from Yorkville once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay me a bonus based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of my bonus is paid by the fund

5.      It has always been the policy of Yorkville not to distribute warrants to its bankers, which is why I only receive their monetized value in the fashion set forth above.

6.      It is my understanding that no banker associated with Yorkville receives warrants, but rather the monetized value of the stock to which the warrant is converted once that warrant is sold.

_____
Brian Keane

Sworn to and subscribed before me
this 5th day of January, 2007

_____
NOTARY PUBLIC
ARLENE M. KILANOWSKI
A Notary Public of New Jersey
My Commission Expires 9/19/2011

2

14

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

| | |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, | : <br> : <br> : <br> : Civil Action No. 06-5212 (JAG) <br> : (Hon. Joseph A. Greenaway, Jr., U.S.D.J.) |
| Plaintiffs, | : <br> : |
| vs. | : <br> : |
| ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE, | : <br> : **AFFIDAVIT OF** <br> : **DAVID KOPP** <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

STATE OF NEW JERSEY    )
                                          ) ss.:
COUNTY OF HUDSON      )

David Kopp, of full age, being duly sworn upon his oath, hereby deposes and says:

1.    I am employed by Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC, in the capacity of a Senior Vice President, Corporate Finance . My employment commenced in June 2004.

2.    My bonus compensation is discretionary but generally my bonus compensation has historically been tied to the amount of banker's fee on each of the deals that I generate for the funds managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.    All bonus and other compensation is paid to me by Yorkville and in no instance am I or anyone else entitled to a bonus or other compensation from a fund managed by Yorkville.

4.    With respect to the equity/warrants portion of the banker's fee, in no instance am I entitled to, nor have I ever received, a warrant in kind. Rather, with respect to the equity portion of the fee, I will generally receive a discretionary bonus from Yorkville once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay me a bonus based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of my bonus is paid by the fund

5.    It has always been the policy of Yorkville not to distribute warrants to its bankers, which is why I only receive their monetized value in the fashion set forth above.

6.    It is my understanding that no banker associated with Yorkville receives warrants, but rather the monetized value of the stock to which the warrant is converted once that warrant is sold.

David Kopp

Sworn to and subscribed before me
this 5th day of January, 2007

Arlene M. Kilanowski
NOTARY PUBLIC

ARLENE M. KILANOWSKI
A Notary Public of New Jersey
My Commission Expires 9/19/2011

2

15

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

|  |  |  |
|---|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, | : : : : | Civil Action No. 06-5212 (JAG) (Hon. Joseph A. Greenaway, Jr., U.S.D.J.) |
| Plaintiffs, | : | |
| vs. | : : | |
| ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE, | : : : : : : | **AFFIDAVIT OF CHRISTOPHER MALONEY** |
| Defendants. | : : | |

STATE OF NEW JERSEY   )
                      ) ss.:
COUNTY OF HUDSON      )

Christopher Maloney, of full age, being duly sworn upon his oath, hereby deposes and says:

1. I am employed by Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC, in the capacity of a Vice President, Corporate Finance. My employment commenced in November 2004.

2.     My bonus compensation is discretionary but generally my bonus compensation has historically been tied to the amount of banker's fee on each of the deals that I generate for the funds managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.     All bonus and other compensation is paid to me by Yorkville and in no instance am I or anyone else entitled to a bonus or other compensation from a fund managed by Yorkville.

4.     With respect to the equity/warrants portion of the banker's fee, in no instance am I entitled to, nor have I ever received, a warrant in kind. Rather, with respect to the equity portion of the fee, I will generally receive a discretionary bonus from Yorkville once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay me a bonus based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of my bonus is paid by the fund

5.     It has always been the policy of Yorkville not to distribute warrants to its bankers, which is why I only receive their monetized value in the fashion set forth above.

6.     It is my understanding that no banker associated with Yorkville receives warrants, but rather the monetized value of the stock to which the warrant is converted once that warrant is sold.

Christopher Maloney

Sworn to and subscribed before me
this 5th day of January, 2007

NOTARY PUBLIC

ARLENE M. KILANOWSKI
A Notary Public of New Jersey
My Commission Expires 9/19/2011

2

16

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

|  |  |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT,<br>LLC, a Delaware limited liability company;<br>HIGHGATE HOUSE FUNDS, LTD., a Cayman<br>Islands exempted company,<br><br>Plaintiffs,<br><br>vs.<br><br>ADAM S. GOTTBETTER; HH ADVISORS,<br>LLC, a New York limited liability company;<br>GOTTBETTER AND PARTNERS<br>LLP, a New York limited liability partnership;<br>JASON RIMLAND, ESQ.; TIM L. DOCKERY,<br>ESQ., and MICHAEL CHORSKE,<br><br>Defendants. | : Civil Action No. 06-5212 (JAG)<br>: (Hon. Joseph A. Greenaway, Jr., U.S.D.J.)<br><br>**AFFIDAVIT OF**<br>**TROY RILLO** |

STATE OF NEW JERSEY    )
                       ) ss.:
COUNTY OF HUDSON       )

Troy Rillo, of full age, being duly sworn upon his oath, hereby deposes and says:

1.      I am employed by Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC, in the capacity of a Managing Director. In my role, I supervise banker's employed by Yorkville whom are responsible for producing transactions for the funds managed by Yorkville. My employment commenced on April 2004.

2.      My bonus compensation is discretionary but generally my bonus compensation has historically been tied to the amount of banker's fee on each of the deals that I or the banker's under my supervision generate for the funds managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.      All bonus and other compensation is paid to me by Yorkville and in no instance am I or anyone else entitled to a bonus or other compensation from a fund managed by Yorkville.

4.      With respect to the equity/warrants portion of the banker's fee, in no instance am I entitled to, nor have I ever received, a warrant in my individual name (*i.e.*, in kind). Rather, with respect to the equity portion of the fee, I will generally receive a discretionary bonus from Yorkville once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay me a bonus based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of my bonus is paid by the fund.

5.      It has always been the policy of Yorkville not to distribute warrants to its bankers, which is why I only receive their monetized value in the fashion set forth above.

6.      I know of no one associated with Yorkville who has ever received a warrant in his individual name. Highgate and the other funds managed by Yorkville earn these warrants as a result of its investment in a transaction.

Troy Rillo

Sworn to and subscribed before me
this 5th day of January, 2007

NOTARY PUBLIC

ARLENE M. KILANOWSKI
A Notary Public of New Jersey
My Commission Expires 9/19/2011

2

17

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

---

| | |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, | : <br> : <br> : |
| | : Civil Action No. 06-5212 (JAG) |
| Plaintiffs, | : (Hon. Joseph A. Greenaway, Jr., U.S.D.J.) <br> : <br> : |
| vs. | : <br> : |
| ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE, | : <br> : **AFFIDAVIT OF** <br> : **MICHAEL ROSSELLI** <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

---

STATE OF NEW JERSEY    )
                       ) ss.:
COUNTY OF HUDSON       )

Michael Rosselli, of full age, being duly sworn upon his oath, hereby deposes and says:

1.    I am employed by Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC, in the capacity of a Managing Director. In my role, I supervise banker's employed by Yorkville whom are responsible for producing transactions for the funds managed by Yorkville. My employment commenced on May 2004.

2.      My bonus compensation is discretionary but generally my bonus compensation has historically been tied to the amount of banker's fee on each of the deals that I or the banker's under my supervision generate for the funds managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.      All bonus and other compensation is paid to me by Yorkville and in no instance am I or anyone else entitled to a bonus or other compensation from a fund managed by Yorkville.

4.      With respect to the equity/warrants portion of the banker's fee, in no instance am I entitled to, nor have I ever received, a warrant in my individual name (*i.e.*, in kind). Rather, with respect to the equity portion of the fee, I will generally receive a discretionary bonus from Yorkville once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay me a bonus based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of my bonus is paid by the fund.

5.      It has always been the policy of Yorkville not to distribute warrants to its bankers, which is why I only receive their monetized value in the fashion set forth above.

6.      I know of no one associated with Yorkville who has ever received a warrant in his individual name. Highgate and the other funds managed by Yorkville earn these warrants as a result of its investment in a transaction.

_____
Michael Rosselli

Sworn to and subscribed before me
this 5th day of January, 2007

_____
NOTARY PUBLIC
**ARLENE M. KILANOWSKI**
**A Notary Public of New Jersey**
**My Commission Expires 9/19/2011**

2

18

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN 1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

---

|  |  |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company,<br><br>      Plaintiffs,<br><br>      vs.<br><br>ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE,<br><br>      Defendants. | : Civil Action No. 06-5212 (JAG)<br>: (Hon. Joseph A. Greenaway, Jr., U.S.D.J.)<br>:<br>:<br>:<br>:      **CERTIFICATION OF**<br>:      **MATT BECKMAN**<br>:<br>:<br>:<br>:<br>: |

---

I, Matt Beckman, of full age, do hereby certify as follows:

1.      I am managing member of Yorkville Advisors, LLC, successor to Yorkville Advisors Management, LLC. In my role, I supervise all Yorkville employees (including all bankers employed by Yorkville) whom are responsible for producing transactions for the funds managed by Yorkville. I have been a managing member of Yorkville since its inception in January 2001.

2.      I am familiar with all aspects of compensation paid to Yorkville employees, including, without limitation, bonus compensation. Historically, bonus compensation has been tied

to the amount of banker's fee on each deal generated by a banker for the funds managed by Yorkville. The banker's fee normally includes payments of cash and equity, including warrants.

3.    All bonus and other compensation is paid to bankers by Yorkville and in no instance is any banker or other employee entitled to a bonus or other compensation from a fund managed by Yorkville.

4.    With respect to the equity/warrants portion of the banker's fee, in no instance is any banker entitled to, nor has any banker received, a warrant in his or her individual name (i.e., in kind). Rather, with respect to the equity portion of the fee, Yorkville pays discretionary bonuses once the equity is monetized. For example, when a warrant is converted into stock and that stock is thereafter sold by the fund, Yorkville will generally pay a bonus to the banker based on a percentage of the proceeds received by the fund upon the sale of the stock. No part of the bonus is paid by the fund.

5.    At all relevant times it has been the policy of Yorkville not to distribute warrants to its bankers, which is why the bankers only receive a part of monetized value in the fashion set forth above.

6.    Highgate and the other funds managed by Yorkville earn these warrants as a result of its investment in a transaction. No one has been authorized to transfer warrants from Highgate or any other fund managed by Yorkville to his or her individual name.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Matt Beckman

2