## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

| | |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, :    Plaintiffs,    vs.    ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE,    Defendants. | Civil Action No. 06-5212 (JAG)<br><br>**REPLY AFFIDAVIT OF MICHAEL M. ROSENBAUM, ESQ.** |

STATE OF NEW JERSEY  )
                        ) ss.:
COUNTY OF ESSEX     )

MICHAEL M. ROSENBAUM, ESQ., of full age, being duly sworn upon his oath, hereby deposes and says:

1.     I am an attorney at law of the State of New Jersey, admitted in the United States District Court for the District of New Jersey (among other jurisdictions), and am a shareholder at Budd Larner, P.C., attorneys for Plaintiffs in this matter. I make this Affidavit in support of Plaintiffs' application for a preliminary injunction.

1

## Overview

2.     I am submitting this Affidavit to attest to the facts relating to Defendants' intentional concealment of evidence directly relevant to these proceedings, namely, documents and information relating to the reissuance of the Charys Warrants to the Defendants during 2006.

3.     Despite direct requests to do so, Defendants failed to produce *any* information or documents relating to their communications with Charys during 2006 that led to the purported reissuance of the Charys Warrants. The documents defendants failed to produce include a June 14, 2006 email from the G&P law firm to Charys. That email, which we got from Charys, is *smoking gun* evidence of Defendants' wrongdoing.

## Plaintiffs' Discovery Responses

4.     We propounded our initial discovery requests on or about November 8, 2006 Annexed hereto as Exhibit A is a true copy of Plaintiffs' First Request for Production of Documents (without the exhibits that were attached thereto) ("the Document Requests"). Annexed hereto as Exhibit B is a true copy of Plaintiffs' First Set of Interrogatories (without the exhibits that were attached thereto) ("the Interrogatories").

5.     In Document Request Nos. 2, 5, 7, and 10 and Interrogatory Nos. 2, 3, and 7, Plaintiffs sought discovery of, *inter alia*, communications and documents between the Defendants and Charys Holding Company, Inc. We needed this discovery because Plaintiffs were, at that point, unaware of how Defendants had managed to cause Charys to reissue the Charys Warrants to them, an issue of critical relevance to this action.

6.     Defendants' discovery responses provided no information about Defendants' communications with Charys during 2006.

2

7.      In initial document productions spanning 1821 pages, there were literally no documents concerning Defendants' communications with Charys. And in Defendants' answers to interrogatory nos. 2, 3, and 7, and their "amended" answers to those interrogatories, Defendants provided no information about their communications with Charys. Strangely, their interrogatory response was that the question was burdensome and then referred to documents – of which there were none. Annexed hereto as Exhibit C is a true and correct copy of Defendants' initial answers to interrogatories. Annexed hereto as Exhibit D is a true and correct copy of Defendants' amended answers to interrogatories.

## The June 14, 2006 Email

8.      In an attempt to learn the facts of how Defendants managed to persuade Charys to issue the Reissued Warrants, I called Larry Shackelford, Esq., who is listed as Charys' outside counsel on the October 17, 2006 Registration Statement (annexed to the Verified Complaint as Exhibit E). As a result of those conversations, Mr. Shackelford forwarded to me a June 14, 2006 email from Jason Rimland of the G&P law firm to Charys with a copy to Mr. Rimland's co-defendant Michael Chorske. In that email, Mr. Rimland stated that the G&P law firm was escrow agent for the Charys Warrants and requested that Charys reissue them in accordance with a chart annexed to the email. Annexed hereto as Exhibit E is a true copy of the June 14, 2006 Email (which we marked as P-30 in depositions). That email was *not* in Defendants' document production.

9.      Although defendants failed to produce the June 14, 2006 Email, I nevertheless presented it to Mr. Gottbetter at his deposition held on December 21, 2006. When asked why that email was not produced, Mr. Gottbetter replied that he directed Mr. Rimland to search for responsive documents, thus casting the blame on Mr. Rimland for defendants' failure to produce the document.

Annexed hereto as Exhibit F is a true and correct copy of the transcript of Mr. Gottbetter's December 21, 2006 deposition. See Gottbetter Dep. at 13-23.

10. Yet in Mr. Rimland's December 22, 2006 deposition, he stated that he did not personally search for any documents, leaving that task to a *per diem* attorney, Todd Lawlor. Mr. Rimland stated that Mr. Lawlor may have brought 30 or 40 specific documents to Mr. Rimland's attention during the search, and that the June 14, 2006 Email *may* have been one of those documents – yet that document was not produced. Defendants had no explanation as to why the June 14, 2006 Email was not produced. Annexed hereto as Exhibit G is a true and correct copy of the transcript of Mr. Rimland's December 22, 2006 deposition. See Rimland Dep. at 21-34, 158-163.

11. I believe that defendants intentionally withheld the June 14, 2006 Email, not knowing that I had been in communication with Charys' lawyers and had received a copy of it from them. Only after being confronted with the June 14, 2006 Email at their respective depositions, did defendants produce that email and several others relating to their communications with Charys over the reissuance of the Charys Warrants. Defendants produced documents by cover letter of January 2, 2007, documents they failed to produce in their initial document response and did so only after we confronted Messrs. Gottbetter and Rimland with the June 14, 2006 email at their depositions. Signficantly, in a June 9, 2006 email from Mr. Rimland to Charys (produced for the first time on January 2, 2007), Mr. Rimland enclosed 16 proposed reissued warrants – which obviously Mr. Rimland prepared. See Exhibit H hereto.

12. None of the communications between G&P and Charys refer to the assignments which Mr. Gottbetter says he signed on January 10, 2006, a day after he submitted his resignation letter. This is relevant to defendants' failure to obtain Charys's consent to the assignments, which is

4

required by Section 10(g) of the Securities Purchase Agreement. See Verified Complaint, Exhibit B.

Defendants' failure to mention the alleged assignments to Charys suggests the possibility that the

assignments were recently created and perhaps backdated for the purpose of enabling the defendants

to bolster their defenses in this litigation. Accordingly, we seek the right to have us or our experts

inspect the computer systems of G&P and HHA to determine what additional documents may not

have been produced and also to determine information concerning the assignments.

MICHAEL M. ROSENBAUM

Sworn to and subscribed before me
this 8th day of January, 2007

NOTARY PUBLIC

625831

**FRANCES C. COCO**
A Notary Public of New Jersey
My Commission Expires Jan. 30, 2009

5

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

---

|  |  |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, LLC, a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company,<br><br>          Plaintiffs,<br><br>          vs.<br><br>ADAM S. GOTTBETTER; HH ADVISORS, LLC, a New York limited liability company; GOTTBETTER AND PARTNERS LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL CHORSKE,<br><br>          Defendants. | Civil Action No. 06-5212 (JAG)<br>(Hon. Joseph A. Greenaway, Jr., U.S.D.J.)<br><br><br><br>**PLAINTIFFS' FIRST REQUEST**<br>**FOR PRODUCTION OF DOCUMENTS** |

TO:    August C. Venturini, Esq.
       Venturini & Associates
       230 Park Avenue, Suite 545
       New York, NY 10169
       Attorneys for Defendants

**PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 34.1 of the Local Civil Rules for the District of New Jersey, and in accordance with the Definitions and Instructions herein, Plaintiffs demand that Defendants produce the following documents for inspection and copying at the law offices of Budd Larner, P.C., 150 John F. Kennedy Parkway, Short Hills, New Jersey, within 7 days of the date hereof, and in the manner prescribed the Federal Rules of Civil Procedure or by the Court or by Stipulation.

619098w

**PLEASE TAKE FURTHER NOTICE** that in producing documents in response to the following categories of documents, the documents shall either be organized by category of request or shall be separately labeled indicating the category or categories to which each document is responsive. However, if the responding party elects to produce documents by category of request, each document that is responsive to more than one request shall either be produced again for each category of request to which it responds or shall be separately labeled indicating all categories to which it is responsive.

**PLEASE TAKE FURTHER NOTICE** that this Request shall be deemed to be continuing and the demanding party hereby demands that, within thirty days of its availability or prior to trial, whichever is earlier, the producing party shall serve upon the demanding party through supplemental production hereto, any document requested herein which is unavailable at the time of production in response to this Request, but which becomes subsequently available to the producing party or its representatives.

BUDD LARNER, P.C.
150 JFK Parkway, CN-1000
Short Hills, New Jersey 07078-0999
Ph. (973) 379-4800
Fax (973) 379-7734
Attorneys for Plaintiffs

BY: _____
MICHAEL M. ROSENBAUM (MR-6304)
RICHARD M. DEAGAZIO (RD-6507)

DATED: November 8, 2006

2

signatories to it; give the type of document (e.g., letter, memorandum note, agreement), its present location and custodian, a summary of its contents or principal terms and provisions, and the identity of its addressees and all other persons receiving it or copies of it. If the document so identified was, but no longer is, in your possession, custody or control, state what disposition was made of it and when.

4.      Each document request is to be accorded a separate answer and document requests are not to be combined for the purpose of supplying a common answer thereto.

5.      For each response to a document request, identify (to the extent not otherwise apparent from the documents produced):

a.   All persons, documents and communications whom or which you relied upon or consulted in preparing your response; and

b.   Those persons in your employ who have knowledge of the facts referred to in your response to the document request, whether or not relied upon or consulted in the preparation of your response.

6.      If, after exercising due diligence, you can obtain no information or documents about the subject of a particular document request, or if for some other reason you are unable to respond to it, your response to that document request should specifically so state, and no document request should be without some response. If you have some information and/or documents responsive to a document request, but believe that further information and/or documents not now available to you would also be responsive, you should provide the information you now have and should specifically state when the balance of the information and/or documents will be provided. The fact that a full response cannot be given is not a basis for you to fail to provide such information and/or documentation as is available to you at the time of your response to these document requests.

7

7.    With respect to any responsive document that was formerly in your possession, custody or control, and has been lost, destroyed or is presently unavailable to you for any other reason, state:

   a.   The type of document;

   b.   The subject matter and contents of the document;

   c.   The author of the document;

   d.   Each person to whom the original or a copy of the document was sent;

   e.   The date on which the document was prepared or transmitted; and

   f.   The date on which the document was lost or destroyed and, if destroyed, the condition of and reasons for such destruction and the persons requesting and performing the destruction.

8.    If any information and/or documents called for by a document request herein is withheld because you claim that such information and/or documents are contained in a privileged document or communication or constitute a privileged document or communication, identify as to each such document and or communication:

   a.   It's date;

   b.   The subject matter and contents of the document;

   c.   its author(s);

   d.   the business or position of its author(s);

   e.   its recipient(s);

   f.   the business or position of its recipient(s);

   g.   its number of pages;

   h.   its subject matter;

   i.   the basis of the claimed privilege; and

8

j.   the paragraph of the document request to which the document or communication is responsive.

9.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the demand all documents that might otherwise be construed to be outside its scope.

10.     A plural noun shall be construed as a singular noun and a singular noun shall be construed as a plural noun, whenever necessary to bring within the scope of the demand all documents which might otherwise be construed to be outside its scope.

9

# DOCUMENT REQUESTS

1.      All notes, correspondence, e-mails, memoranda and other documents concerning the November 1, 2004 agreement between and among Yorkville, HHA, and Gottbetter, including but not limited to all documents concerning the negotiation and drafting thereof.

2.      All notes, correspondence, e-mails, memoranda and other documents concerning any agreements between or among any of Highgate House, Charys, HHA, Gottbetter, G&P and Chorske concerning the Charys Transaction, including but not limited to any agreement relating to fees or commissions to be paid in connection with the Charys Transaction.

3.      All notes, correspondence, e-mails, memoranda and other documents concerning the Charys Transaction, including, but not limited to, drafts of any such documents.

4.      All notes, correspondence, e-mails, memoranda and other documents concerning the alleged authority of any of the Defendants to retain the originals of the Charys Warrants after January 19, 2006.

5.      All notes, correspondence, e-mails, memoranda and other documents concerning communications between or among any of the Defendants and Charys (including but not limited to any communications with the Morris Manning & Martin law firm), concerning the Charys Warrants and the Reissued Warrants.

6.      Originals of all Reissued Warrants, and all notes, correspondence, e-mails, memoranda and other documents concerning the Reissued Warrants.

7.      All drafts of all of the Reissued Warrants, and all notes, correspondence, e-mails, memoranda and other documents concerning such drafts.

8.      All notes, correspondence, e-mails, memoranda and other documents concerning any communications between or among any of the Defendants and any of the Plaintiffs concerning the Charys Warrants or the Reissued Warrants.

9.      All notes, correspondence, e-mails, memoranda and other documents concerning any alleged authority of any of the Defendants to request, instruct, direct or otherwise cause Charys to issue the Reissued Warrants.

10.     All notes, correspondence, e-mails, memoranda and other documents concerning any request, instruction, or direction by any of the Defendants to Charys to issue the Reissued Warrants.

11.     All notes, correspondence, e-mails, memoranda and other documents concerning any endorsement of the Charys Warrants or assignment of the Charys Warrants to any of the Defendants.

12.     All notes, correspondence, e-mails, memoranda and other documents concerning the alleged "agreement between Yorkville and HH Advisors" that would entitle HHA to warrants to

10

purchase 355,200 of Charys common stock and/or that would entitle Chorske to warrants to purchase 200,000 shares of Charys common stock, as claimed in August C. Venturini's October 20, 2006 letter to Christopher S. Finazzo, Esq. (which is annexed hereto as Exhibit A).

13. All notes, correspondence, e-mails, memoranda and other documents concerning or substantiating Defendants' assertion that HHA and Chorske (or anyone else) are entitled to a portion of the Charys Warrants.

14. All notes, correspondence, e-mails, memoranda and other documents concerning or substantiating the assertion contained in August C. Venturini's October 25, 2006 letter to Michael M. Rosenbaum, Esq. (annexed hereto as Exhibit D) that "it has been the parties' practice to allocate warrants according to the fee split terms directly to the party entitled to the fee."

15. All notes, correspondence, e-mails, memoranda and other documents concerning or substantiating the assertion contained in August C. Venturini's October 25, 2006 letter to Michael M. Rosenbaum, Esq. (annexed hereto as Exhibit D) that "in at least two other instances this year, [Plaintiffs] expressly agreed to the issuance of warrants directly to [Gottbetter and HHA] and to the banker to cover their fees with the balance issued to [Plaintiffs]."

16. All notes, correspondence, e-mails, memoranda and other documents concerning the "two other instances" referenced in the previous document request, including but not limited to all documents concerning the alleged fee split among the bankers and managers and documents concerning Plaintiff(s)' alleged approval of the issuance of warrants to Gottbetter and/or HHA (or anyone else).

17. All notes, correspondence, e-mails, memoranda and other documents concerning communications between or among any of the Defendants relating to Highgate House's October 18, 2006 exercise of certain of the Charys Warrants.

18. All notes, correspondence, e-mails, memoranda and other documents concerning the net asset value of Highgate House from November 1, 2005 to present.

19. All promotional, marketing or offering materials, public statements, press releases and other documents used, published, distributed or otherwise disseminated by Gottbetter or Gottbetter Capital Management concerning or which otherwise make any reference to the Charys Transaction, Highgate House, or the returns and performance of Highgate House.

20. Copies of the 2005 and 2006 state and federal income tax returns of Gottbetter, HHA, G&P, and Chorske.

21. Copies of the 2005 and 2006 state and federal income tax returns of any Defendant, other than the Defendants identified in Request No. 20 above, in whose name any of the Reissued Warrants was issued or who received any of the Reissued Warrants.

11

22.     All notes, correspondence, e-mails, memoranda and other documents concerning any instance in which actual or beneficial ownership of warrants or other securities were transferred from Highgate House or Yorkville on the one hand to Gottbetter, HHA, Chorske or anyone else on the other hand.

23.     All notes, correspondence, e-mails, memoranda and other documents concerning any instance in which any of the Defendants were issued warrants or other securities in their name in a transaction related to the business of Plaintiffs or involving the Plaintiffs.

24.     All notes, correspondence, e-mails, memoranda and other documents concerning the payment by Yorkville of fees, commissions or other compensation to HHA and/or Gottbetter and/or Chorske, including, but not limited to, with respect to the Charys Transaction.

25.     All notes, correspondence, e-mails, memoranda and other documents concerning the payment by Highgate House of fees, commissions or other compensation to HHA and/or Gottbetter and/or Chorske, including, but not limited to, with respect to the Charys Transaction.

26.     All notes, correspondence, e-mails, memoranda and other documents concerning any of the Defendants' review or approval of any press releases or SEC filings made by Charys describing the Charys Transaction and/or the ownership of the Charys Warrants, including but not limited to the Form 8-K filed by Charys on or about November 23, 2005 and the Form SB-2 filed by Charys on or about October 17, 2006.

27.     All retainer, engagement, legal fee or other agreements between or among G&P and/or Gottbetter on the one hand and Yorkville and/or Highgate House on the other hand, and all notes, correspondence, e-mails, memoranda and other documents concerning such retainer, engagement, legal fee or other agreements.

28.     All notes, correspondence, e-mails, memoranda and other documents concerning any waiver of conflict of interest signed by Yorkville or Highgate House with respect to G&P's and/or Gottbetter's representation of Plaintiffs in the Charys Transaction on the one hand, and any representation by G&P or Gottbetter of Gottbetter, HHA and/or Chorske with regard to the payment of fees, commissions or other compensation, or claims against Yorkville or Highgate House for fees, commissions or other compensation, in connection with the Charys Transaction on the other hand.

29.     To the extent not already provided in response to a request set forth above, all notes, correspondence, e-mails, memoranda and other documents concerning any communications between or among any of the Defendants and any other person concerning the subject matter or the events set forth in the Complaint including, but not limited to, communications with the Plaintiffs, with any other Defendants, or with Charys.

30.     To the extent not already provided in response to a request set forth above, all notes, correspondence, e-mails, memoranda and other documents concerning any admissions or declarations against interest made by anyone concerning the subject matter of the Complaint.

12

31.    To the extent not already provided in response to a request set forth above, all notes, correspondence, e-mails, memoranda and other documents concerning any communications with any person who is or may be a fact witness in this matter.

32.    To the extent not already provided in response to a request set forth above, all notes, correspondence, e-mails, memoranda and other documents concerning any communications with any party to this matter.

33.    To the extent not already provided in response to a request set forth above, all statements taken from any person concerning the subject matter or the events set forth in the Complaint.

34.    All notes, correspondence, e-mails, memoranda and other documents concerning the opinions rendered by any person whom Defendants intend to offer as an expert witness at any hearing in, or the trial of, this matter including, but not limited to all documents contained in the files of such expert witnesses.

35.    All notes, correspondence, e-mails, memoranda and other documents provided to any person whom Defendants intend to offer as an expert witness at any hearing in, or the trial of, this matter.

36.    To the extent not already provided in response to a request set forth above,  all other documents relevant to the subject matter of this litigation or any other issue in this litigation.

37.    All documents that Defendants intend to introduce into evidence at the preliminary injunction proceeding or at trial in this matter.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BUDD LARNER, P.C.
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiffs

| | |
|---|---|
| YORKVILLE ADVISORS MANAGEMENT, : <br> LLC, a Delaware limited liability company; : <br> HIGHGATE HOUSE FUNDS, LTD., a Cayman : <br> Islands exempted company, : <br> : <br> Plaintiffs, : <br> : <br> vs. : <br> : <br> ADAM S. GOTTBETTER; HH ADVISORS, : <br> LLC, a New York limited liability company; : <br> GOTTBETTER AND PARTNERS : <br> LLP, a New York limited liability partnership; : <br> JASON RIMLAND, ESQ.; TIM L. DOCKERY, : <br> ESQ., and MICHAEL CHORSKE, : <br> : <br> Defendants. : <br> : | Civil Action No. 06-5212 (JAG) <br> (Hon. Joseph A. Greenaway, Jr., U.S.D.J.) <br><br><br><br><br> **PLAINTIFFS' FIRST SET** <br> **OF INTERROGATORIES** |

TO:    August C. Venturini, Esq.
       Venturini & Associates
       230 Park Avenue, Suite 545
       New York, NY 10169
       Attorneys for Defendants

DEAR SIR:

PLEASE TAKE NOTICE that Plaintiffs hereby demand answers to the following Interrogatories in accordance with the provisions of Rule 33 of the Federal Rules of Civil Procedure, the Local Rules for the District of New Jersey, and the Definitions and Instructions contained herein, by Defendants within 7 days of the date of your receipt of these Interrogatories.



619055w

BUDD LARNER, P.C.
150 JFK Parkway, CN-1000
Short Hills, New Jersey 07078-0999
Ph. (973) 379-4800
Fax (973) 379-7734
Attorneys for Plaintiffs

BY: _____
MICHAEL M. ROSENBAUM (MR-6304)
RICHARD M. DEAGAZIO (RD-6507)

DATED: November 8, 2006

## DEFINITIONS

As used herein:

A.      "Plaintiffs" shall mean Plaintiff Yorkville Advisors Management, LLC and/or Plaintiff Highgate House Funds, Ltd.

B.      "Highgate House" shall mean Plaintiff Highgate House Funds, Ltd. and its trustees, directors, officers, agents, servants, employees, attorneys and representatives, and all persons acting on its behalf. "Highgate House" shall include the fund or funds operated thereby.

C.      "Yorkville" shall mean Plaintiff Yorkville Advisors Management, LLC. and its members, trustees, directors, officers, agents, servants, employees, attorneys and representatives, and all persons acting on its behalf.

D.      "Defendants" shall refer to Defendants Adam S. Gottbetter, HH Advisors LLC, Gottbetter & Partners LLP, Jason Rimland, Tim L. Dockery, and Michael Chorske and all of their members, trustees, directors, officers, agents, servants, employees, attorneys and representatives, and all persons acting on their behalf.

2

E.    "Charys" shall refer to Charys Holding Company, Inc. and all of it trustees, directors, officers, agents, servants, employees, attorneys and representatives, and all other persons acting on its behalf.

F.    "Charys Warrants" shall refer to the warrants to purchase 1,000,000 shares of common stock of Charys Holding Company, Inc., which were issued to Highgate House in its name on or about November 16, 2005 in connection with the Charys Transaction as defined in Definition F herein. Copies of the Charys Warrants are annexed hereto as Exhibit A.

G.    "Charys Transaction" shall mean the transaction in which Highgate House invested $4 million in Charys Holding Company, Inc. on or about November 16, 2005, in consideration for which Highgate House received a convertible debenture and the Charys Warrants.

H.    "Reissued Warrants" shall mean the warrants to purchase 1,000,000 shares of Charys common stock that were purportedly reissued to Highgate House, HH Advisors LLC, and Michael Chorske as alleged in a letter dated October 20, 2006 from August C. Venturini, Esq. to Christopher S. Finazzo, Esq. (annexed hereto as Exhibit B), a certain number of which Highgate House received by letter dated October 26, 2006 from Adam S. Gottbetter to Troy Rillo (annexed hereto as Exhibit C).

I.    "Complaint" means the Civil Action Verified Complaint bearing Civil Action Number 06-5212 (JAG) and filed in the United States District Court for the District of New Jersey.

J.    "Address" means the present or last known street name and number, city or town, state, zip code, and telephone number.

1.    "Communication" means any transmission of information and shall include, but not be limited to, written statements and correspondence, oral statements, telephone conversations, negotiations, conferences or meetings, however formal or informal, and transmission of documents.

3

K.  "Concerning" means referring to, relating to, describing, evidencing, substantiating, or constituting.

L.  "Describe," "describing" and "set forth" mean to state the substance of the event, circumstances, communication, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present there at or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method or means of communication employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired.

M.  "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing, record or tangible thing of any type or description, including, but not limited to, the original and any copy of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication (including inter-office or intra-office communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phone record, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure, electronic mail (e-mail), any electronic or computerized data compilation or computer-generated file (whether printed in hardcopy or stored on any electronic or digital medium) any other data

4

compilations from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which Defendants have or have had access. "Documents" also include such Documents as exist on backup or archival tapes or disks.

N.    "Identify," "identity," or "identification" means, when used in reference to:

1.    a natural person, his or her:

(a)    full name,

(b)    present or last known home address and telephone number;

(c)    present or last known business address and telephone number);

(d)    present or last known occupation, position, business affiliation, and job description;

(e)    occupation, position, business affiliation, and job description at the time relevant to the particular interrogatory being answered.

2.    a company, corporation, association, partnership, or legal entity other than a natural person:

(a)    its full name;

(b)    a description of the type of organization or entity;

(c)    the full address of its principal place of business;

(d)    the jurisdiction of incorporation or organization; and

(e)    the date of its incorporation or organization.

3.    a Document:

(a)    its description (for example, letter, memorandum, report);

(b)    its title;

5

(c)    its date;

(d)    the number of pages thereof;

(e)    its subject;

(f)    the identity of its author, signatory or signatories, and any person who participated in its preparation;

(g)    the identity of its addressee or recipient;

(h)    the identity of each person to whom copies were sent and each person by whom copies were received;

(i)    its present location, and

(j)    the identity of its present custodian. (If any such document was, but is no longer, in the possession of or subject to the control of Defendant(s), state what disposition was made of it and when).

4.    an oral communication or statement:

(a)    the date and time when it occurred;

(b)    the place where it occurred;

(c)    the complete substance of the communication;

(d)    the identity of each person;

(1)    to whom such communication was made;

(2)    by whom such communication was made; and

(3)    who was resent when such communication was made;

(e)    if by telephone:

(1)    the identity of each person:

(i)    who made each telephone call;

6

(ii)     who participated in each call;

(2)     the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

O.     "Oral communication" means any verbal conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting or telephone conversation.

P.     "Person" means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

Q.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the demand all documents which might otherwise be construed to be outside the scope. Similarly, "each" shall be construed to include the word "every," and "every" shall be construed to include the word "each." "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

## INSTRUCTIONS

A.     Each interrogatory is intended to, and does, request that each and every part and particular thereof be answered with the same force and effect as if each part and particular were the subject of, and were asked by, a separate interrogatory. Where an interrogatory relates to more than one person or subject it is to be answered as to each such person or subject separately.

B.     You are to furnish all information which is available to you as of the date of your answers to these interrogatories. If you are unable to answer any of the interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answer, so state, and answer each such interrogatory to the fullest extent possible,

7

specifying the extent of your knowledge and your inability to answer the remainder, setting forth whatever information or knowledge you may have concerning the unanswered portions thereof and the efforts you made to obtain the requested information.

C.     With respect to the answer to each interrogatory, or subpart thereof, identify all persons and documents consulted by you in preparing your answer thereto, and state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the identity of each person who provided any information included in such answer. In addition, identify each other person known or believed to have some or all of the information sought in such interrogatory or subpart thereof.

D.     When an interrogatory or any of its subparts calls for you to set forth the factual basis of any of your allegations or any of your answers, the request calls for you to set forth and describe each fact and identify each document which you contend tends to support your allegation or answer and identify each person who possesses facts supporting your allegation or answer.

E.     If any information required to answer any interrogatory is withheld because you claim that such information is privileged, or is contained in a privileged document or communication:

     (a)     Identify each document or communication;

     (b)     Identify the privilege and set forth the factual basis for the privilege claimed;

     (c)     Set forth each subparagraph of the interrogatory to which each such document or communication is responsive.

F.     Unless otherwise specified, the period covered by these interrogatories is the period commencing with the first act or condition giving rise to the liability alleged to exist in the Complaint, or the first act or condition which you allege provides background evidence with respect to the liability alleged to exist in the Complaint, up to and including the present.

8

G.    If your answer to any interrogatory refers to or identifies a document which once existed, but it no longer exists, state the circumstances under which it ceased to exist, including:

(a)    The identity of each person who determined that each such document would be removed or destroyed;

(b)    The identity of each person who authorized the destruction or removal of each such document;

(c)    The identity of each person who removed or destroyed each such document;

(d)    The substance and content of each such document;

(e)    The date and location at which and the manner in which each such document was removed or destroyed.

9

## INTERROGATORIES

1.      Identify all persons who have knowledge of any facts concerning the subject matter of this litigation, and as to each such person set forth in detail the relevant knowledge possessed by such person.

2.      Describe, in detail and with particularity, how the issuance of the Reissued Warrants was carried out or effectuated. Include in your answer and identify all documents that were signed in connection with this purported reissuance and identify all communications that led to and resulted in the purported reissuance of the Reissued Warrants.

10

3.    With respect to the Reissued Warrants, identify the person(s) who drafted these documents, the person(s) who prepared these documents, and the person(s) who secured the signature of Billy Ray, Jr. on these documents, and set forth the date(s) on which each of these documents was signed by Billy Ray, Jr. and issued, and identify any person who witnessed Billy Ray, Jr. sign these documents.

4.    Set forth in detail and with particularity the alleged "two other instances this year" in which Yorkville or Highgate House allegedly "agreed to the issuance of warrants directly to" Adam S. Gottbetter, and/or HH Advisors LLC, and/or Gottbetter & Partners LLP, and/or any other person "to cover their fees with the balance issued to" Yorkville or Highgate House, as claimed in the letter dated October 25, 2006 from August C. Venturini, Esq. to Michael M. Rosenbaum, Esq. which is annexed hereto as Exhibit D.

11

5.        Identify all communications between and/or among any of the Defendants and any of the Plaintiffs with regard to the "two other instances" referred to in the previous interrogatory.

6.        State whether Yorkville or Highgate House agreed to the issuance of any warrants directly to HHA or Michael Chorske in connection with the Charys Transaction. If so, identify all persons who made such agreement, all persons present when such agreement was reached, all communications concerning such agreement, and all documents concerning such agreement.

12

7.      Identify all communications between and/or among any of the Defendants and Charys with respect to the issuance of the Reissued Warrants, including, but not limited to, the issuance to Highgate House of the Reissued Warrants annexed hereto as Exhibit C.

8.      If any of the Defendants claim that some or all of the Defendants had the authority to cause Charys to issue the Reissued Warrants, identify all communications in which such authority was allegedly provided, and identify all documents concerning the alleged provision of such authority.

13

9.    Set forth the percentage amount of the fee earned by Yorkville on the Charys Transaction that you claim Defendant Chorske was entitled to as a commission.

10.    Set forth in detail the factual basis for Defendants' contention that HHA, Chorske and/or any other of the Defendants are entitled to a percentage of the Charys Warrants.

14

11.     Do you contend that any admissions or declarations against interest with regard to the issues in this lawsuit have been made by any party or person? If so, identify (as that term is defined herein) the person who made the admission or declaration against interest and the substance thereof.

12.     Specify whether any non-party to this litigation (including but not limited to any agent, servant, or employee of Charys) has provided a statement, and if so identify the person who provided the statement and the substance of such statement.

15

13.    Identify all persons with whom any of the Defendants have had communications (including with each other) regarding the subject matter of the Complaint at any time up to the present time, and as to each such person, identify the substance of the communications.

14.    Identify all persons (except your attorneys) who provided information or who otherwise assisted Defendants (including any of the Defendants themselves) in answering these interrogatories, and as to each such person identify the information provided by him/her.

16

# EXHIBIT C

August C. Venturini, Esq. (AV 2804)
Sean W. Higgins, Esq. (SH 4190)
VENTURINI & ASSOCIATES
230 Park Avenue, Suite 545
New York, NY 10169
Tel: (212) 826-6800

EXHIBIT

P-45

ALL-STATE LEGAL®

Attorneys for Defendants
Adam S. Gottbetter; HH Advisors, LLC,
Gottbetter & Partners, LLP, Jason Rimland, Esq.;
Tim L. Dockery, Esq., And Michael W. Chorske

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YORKVILLE ADVISORS MANGEMENT, LLC, :<br>a Delaware limited liability company; :<br>HIGHGATE HOUSE FUNDS, LTD., a Cayman :<br>Islands exempted company, :<br> :<br>                  Plaintiff, :<br> :<br>v. :<br> :<br>ADAM S. GOTTBETTER; HH ADVISORS, LLC, :<br>a New York limited liability company; :<br>GOTTBETTER AND PARTNERS, LLP, a New :<br>York limited liability partnership; JASON :<br>RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and :<br>MICHAEL W. CHORSKE, :<br> :<br>                Defendants. :| Civil Action No.: 06-5212 (JAG)<br><br>**OBJECTIONS AND<br>RESPONSES OF DEFENDANT<br>TO PLAINTIFF'S FIRST<br>SET OF INTERROGATORIES** |

Defendants ADAM S. GOTTBETTER; HH ADVISORS, LLC, GOTTBETTER AND

PARTNERS, LLP, JASON RIMLAND, ESQ., TIM L. DOCKERY, ESQ., and MICHAEL W.

CHORSKE, ("Defendants") respond to the Plaintiff's First Set Of Interrogatories (the

"Interrogatories") as follows:

## GENERAL OBJECTIONS AND RESPONSES

Defendants generally object and respond to the Interrogatories as set forth in

paragraphs "A" through "U" below. All general objections and responses shall be deemed to be

1

continuing and shall be construed as supplementing each specific objection and/or response to the Interrogatories. No specific objection and no response contained herein shall be interpreted as limiting in any way the scope or effect of any general objection and response.

    A.    Defendants object generally to the Interrogatories to the extent they exceed the scope permitted by the Federal Rules of Civil Procedure, the Local Rules of the District of New Jersey, and/or the Pretrial Scheduling Order dated November 29, 2005 and do not provide a reasonable period of time in which to investigate and provide detailed answers.

    B.    A response to any Interrogatory is not intended and should not be construed to be a waiver by Defendants of all or any part of any objection to any Interrogatory.

    C.    Defendants object generally to the Interrogatories to the extent they assume facts that are inaccurate.

    D.    Defendants object generally to the Interrogatories to the extent they are argumentative.

    E.    Defendants object generally to the Interrogatories to the extent they are defective in form.

    F.    Defendants object generally to the Interrogatories to the extent they are overly broad.

    G.    Defendants object generally to the Interrogatories to the extent they are vague, ambiguous, indefinite, misleading or incorrect.

    H.    Defendants object generally to the Interrogatories to the extent they are unduly burdensome.

    I.    Defendants object generally to the Interrogatories to the extent they are oppressive.

2

J.    Defendants object generally to the Interrogatories to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

K.    Defendants object generally to the Interrogatories to the extent they impose on it an unreasonable burden of inquiry.

L.    Defendants object generally to the Interrogatories to the extent they seek information and/or documents that are subject to the attorney-client privilege, work product doctrine, or any other privilege or legal protection. The inadvertent or mistaken production of information and/or documents subject to the protections of the attorney-client privilege, work product doctrine, or any other privilege or legal protection shall not constitute a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications. All such inadvertently produced information and/or documents shall be returned to Defendant's attorneys, along with any copies made thereof.

M.    Defendants object generally to the Interrogatories to the extent they seek the production of information and/or documents that are confidential, proprietary, or trade secret in nature, or that contain non-public business information.

N.    Defendants object generally to the Interrogatories to the extent they seek information that was prepared in anticipation of litigation.

O.    Defendants object generally to the Interrogatories to the extent they seek information that is more practically obtainable by deposition or other discovery device.

P.    Defendants object generally to the Interrogatories to the extent they are not properly limited as to time.

3

Q.      Defendants object generally to the Interrogatories to the extent they seek documents not in its possession, custody, or control.

R.      Defendants object generally to producing any information and/or documents that do not relate to the claims or defenses asserted in this action by any party. Production of information and/or documents that do not relate to the claims or defenses set forth therein shall not be deemed an acknowledgment that such information and/or documents are relevant or admissible.

S.      Defendants object to the "Definitions And Instructions" section of the Interrogatories to the extent that section seeks to impose obligations upon Defendants that are not set forth in the Federal Rules of Civil Procedure, the Local Rules of the District of New Jersey, and/or the conference before the Court held on October 31, 2006.

T.      Defendants object generally to the Interrogatories to the extent they seek to require Defendants to produce documents in a form other than as they are kept in the usual course of business.

U.      A response by Defendants that it "will produce responsive documents" does not mean that Defendants actually has responsive documents. Instead, it means only that, to the extent Defendants does have responsive documents, it will produce them.

## RESERVATIONS

1.      These responses are made without waiver of, and with preservation of:

(a)     The right to object to all requests as to competency, relevancy, materiality, confidentiality, privilege and admissibility of the responses, or the subject matter thereof, as evidence for any purpose in any further proceeding in this action (including the trial of this arbitration) or in any other arbitration and/or action;

4

(b)     The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding in this action (including the trial of this action) or in any other action;

(c)     The right to object on any ground at any time to a demand or request for production or other document request or other discovery proceeding;

(d)     The right to object on any ground to any request revised by the Plaintiff in response to any objection herein that a request, or any part thereof, is vague, ambiguous, overbroad or unduly burdensome; and

(e)     The right at any time to revise, correct, add to, supplement or clarify any of the responses contained herein.

2.     The following responses, and any further responses to the Interrogatories, or to their subject matter, are made expressly without acknowledgment of materiality or relevance of information sought in the Interrogatories, or that the Interrogatories are in any way reasonably calculated to lead to the discovery of admissible evidence. If information is produced that is protected by the attorney-client privilege or any other privilege, such production is inadvertent and is not intended as a waiver of such privilege.

3.     Defendants reserve their right to supplement its objections and responses to the Interrogatories to the extent necessary and appropriate.

5

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

Identify all persons who have knowledge of any facts concerning the subject matter of this litigation, and as to each such person set forth in detail to relevant knowledge possessed by such person.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of "Expedited Discovery" described in the conference before the Court held on October 31, 2006. Subject to these objections, and without waiving same, Defendants states as follows: each of the Defendants, and the following individuals who were or are affiliated with plaintiffs: Mark Angelo, Troy Rillo, Jerry Eicke, Matt Beckman, David Gonzalez, Christopher Maloney, James Huff, Ed Schinik, Marcel Engelhiero, Therese Fraga, and Robert Press have knowledge of the subject matter presented in plaintiffs' motion for injunctive relief.

### INTERROGATORY NO. 2:

Describe, in detail and with particularity, how the issuance of the Reissued Warrants was carried out or effectuated. Include in your answer and identify all documents that were signed in connection with this purported reissuance and identify all communications that led to and resulted in the purported reissuance of the Reissued Warrants.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, and without waiving same, Defendants state that relevant documents will be produced.

6

## INTERROGATORY NO. 3:

With respect to the Reissued Warrants, identify the person(s) who drafted these documents, the person(s) who prepared these documents, and the person(s) who secured the signature of Billy Ray, Jr. on these documents, and set forth the date(s) on which each of these documents was signed by Billy Ray, Jr. and issued, and identify any person who witnessed Billy Ray, Jr. sign these documents.

### RESPONSE TO INTERROGATORY NO. 3:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly

burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible

evidence.

## INTERROGATORY NO. 4:

Set forth in detail and with particularity the alleged "two other instances this year" in which Yorkville or Highgate House allegedly "agreed to the issuance of warrants directly to" Adam S. Gottbetter, and/or HH Advisors LLC, and/or Gottbetter & Partners, LLP, and/or any other person "to cover their fees with the balance issued to "Yorkville or Highgate House, as claimed in the letter dated October 25, 2006 from August C. Venturini, Esq. to Michael M. Rosenbaum, Esq. which is annexed hereto as Exhibit D.

### RESPONSE TO INTERROGATORY NO. 4:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly

burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of

admissible evidence.

## INTERROGATORY NO. 5:

Identify all communications between and/or among any of the Defendants and any of the Plaintiffs with regard to the "two other instances" referred to in the previous interrogatory.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly

burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of

admissible evidence.

## INTERROGATORY NO. 6:

State whether Yorkville or Highgate House agreed to the issuance of any warrants directly to HHA or Michael Chorske in connection with the Charys Transaction. If so, identify all persons who made such agreement, all persons present when such agreement was reached, all communications concerning such agreement, and all documents concerning such agreement.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly

burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of

admissible evidence. Subject to these objections, and without waiving same, Defendants answer

the first question in the affirmative.

## INTERROGATORY NO. 7:

Identify all communications between and/or among any of the Defendants and Charys with respect to the issuance of the Reissued Warrants, including, but not limited to, the issuance to Highgate House of the Reissued Warrants annexed hereto as Exhibit C.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly

burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of

admissible evidence.

## INTERROGATORY NO. 8:

If any of the Defendants claim that some or all of the Defendants had the authority to cause Charys to issue the Reissued Warrants, identify all communications in which such

8

authority was allegedly provided, and identify all documents concerning the alleged provision of such authority.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 9:

Set forth the percentage amount of the fee earned by Yorkville on the Charys Transaction that you claim Defendant Chorske was entitled to as a commission.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 10:

Set forth in detail the factual basis for Defendants' contention that HHA, Chorske and/or any other of the Defendants are entitled to a percentage of the Charys Warrants.

## RESPONSE TO INTERROGATORY NO. 10:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 11:

Do you contend that any admissions or declarations against interest with regard to the issues in this lawsuit have been made by any party or person? If so, identify (as that term is

9

defined herein) the person who made the admission or declaration against interest and the substance thereof.

### RESPONSE TO INTERROGATORY NO. 11:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, and without waiving same, Defendants answer the first question in the affirmative and state that relevant documents containing such admissions or declarations against interest will be produced.

### INTERROGATORY NO. 12:

Specify whether any non-party to this litigation (including but not limited to any agent, servant, or employee of Charys) has provided a statement, and if so identify the person who provided the statement and the substance of such statement.

### OBJECTION TO INTERROGATORY NO. 12:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, and without waiving same, Defendants state that no such statement has been provided.

### INTERROGATORY NO. 13:

Identify all persons with whom any of the Defendants have had communications (including with each other) regarding the subject matter of the Complaint at any time up to the present time, and as to each person, identify the substance of the communications.

### OBJECTION TO INTERROGATORY NO. 13:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

10

## INTERROGATORY NO. 14:

Identify all persons (except your attorneys) who provided information or who otherwise assisted Defendants (including any of the Defendants themselves) in answering these interrogatories, and as to each such person identify the information provided by him/her.

## OBJECTION TO INTERROGATORY NO. 14:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly

burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of

admissible evidence. Subject to these objections, and without waiving same, Defendants state

that each of the Defendants assisted in answering these Interrogatories.

Dated: December ___, 2006

VENTURINI & ASSOCIATES

By: _____
    August C. Venturini (AV 2804)
    Sean W. Higgins (SH 4190)
Attorneys for Defendants,
Adam S. Gottbetter; HH Advisors, LLC, Gottbetter
& Partners, LLP, Jason Rimland, Esq.; Tim L.
Dockery, Esq., And Michael W. Chorske

TO:    BUDD LARNER, P.C.
        Attorneys for Plaintiff
        Michael M. Rosenbaum, Esq. (MR-6304)
        150 John F. Kennedy Parkway, CN1000
        Short Hills, New Jersey 07078-0999
        (973) 379-4800

## CERTIFICATION

I declare under penalty of perjury that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are will fully false, I am subject to punishment.

Defendants

By: _____

Name:

Title:

Date: December 8, 2006

TO:    BUDD LARNER, P.C.
Attorneys for Plaintiff
Michael M. Rosenbaum, Esq. (MR-6304)
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800

12

# EXHIBIT D

August C. Venturini, Esq. (AV 2804)
Sean W. Higgins, Esq. (SH 4190)
VENTURINI & ASSOCIATES
230 Park Avenue, Suite 545
New York, NY 10169
Tel: (212) 826-6800

Attorneys for Defendants
Adam S. Gottbetter; HH Advisors, LLC,
Gottbetter & Partners, LLP, Jason Rimland, Esq.;
Tim L. Dockery, Esq., And Michael W. Chorske

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| YORKVILLE ADVISORS MANGEMENT, LLC, : a Delaware limited liability company; HIGHGATE HOUSE FUNDS, LTD., a Cayman Islands exempted company, <br><br> Plaintiff, <br><br> v. <br><br> ADAM S. GOTTBETTER; HH ADVISORS, LLC, : a New York limited liability company; GOTTBETTER AND PARTNERS, LLP, a New York limited liability partnership; JASON RIMLAND, ESQ.; TIM L. DOCKERY, ESQ., and MICHAEL W. CHORSKE, <br><br> Defendants. | Civil Action No.: 06-5212 (JAG) <br><br> **AMENDED OBJECTIONS AND RESPONSES OF DEFENDANTS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Defendants ADAM S. GOTTBETTER, HH ADVISORS, LLC, GOTTBETTER AND

PARTNERS, LLP, JASON RIMLAND, ESQ., TIM L. DOCKERY, ESQ., and MICHAEL W.

CHORSKE ("Defendants") amend their objections and responses to interrogatory numbers 2-4

and 6-11 of Plaintiff's First Set Of Interrogatories (the "Interrogatories") as follows:

## GENERAL OBJECTIONS AND RESPONSES

Defendants generally object and respond to the Interrogatories as set forth in

paragraphs "A" through "U" below. All general objections and responses shall be deemed to be

1

continuing and shall be construed as supplementing each specific objection and/or response to the Interrogatories. No specific objection and no response contained herein shall be interpreted as limiting in any way the scope or effect of any general objection and response.

A.      Defendants object generally to the Interrogatories to the extent they exceed the scope permitted by the Federal Rules of Civil Procedure, the Local Rules of the District of New Jersey, and/or the Pretrial Scheduling Order dated November 29, 2005 and do not provide a reasonable period of time in which to investigate and provide detailed answers.

B.      A response to any Interrogatory is not intended and should not be construed to be a waiver by Defendants of all or any part of any objection to any Interrogatory.

C.      Defendants object generally to the Interrogatories to the extent they assume facts that are inaccurate.

D.      Defendants object generally to the Interrogatories to the extent they are argumentative.

E.      Defendants object generally to the Interrogatories to the extent they are defective in form.

F.      Defendants object generally to the Interrogatories to the extent they are overly broad.

G.      Defendants object generally to the Interrogatories to the extent they are vague, ambiguous, indefinite, misleading or incorrect.

H.      Defendants object generally to the Interrogatories to the extent they are unduly burdensome.

I.      Defendants object generally to the Interrogatories to the extent they are oppressive.

J.      Defendants object generally to the Interrogatories to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

K.      Defendants object generally to the Interrogatories to the extent they impose on it an unreasonable burden of inquiry.

L.      Defendants object generally to the Interrogatories to the extent they seek information and/or documents that are subject to the attorney-client privilege, work product doctrine, or any other privilege or legal protection. The inadvertent or mistaken production of information and/or documents subject to the protections of the attorney-client privilege, work product doctrine, or any other privilege or legal protection shall not constitute a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications. All such inadvertently produced information and/or documents shall be returned to Defendant's attorneys, along with any copies made thereof.

M.      Defendants object generally to the Interrogatories to the extent they seek the production of information and/or documents that are confidential, proprietary, or trade secret in nature, or that contain non-public business information.

N.      Defendants object generally to the Interrogatories to the extent they seek information that was prepared in anticipation of litigation.

O.      Defendants object generally to the Interrogatories to the extent they seek information that is more practically obtainable by deposition or other discovery device.

P.      Defendants object generally to the Interrogatories to the extent they are not properly limited as to time.

Q.    Defendants object generally to the Interrogatories to the extent they seek documents not in its possession, custody, or control.

R.    Defendants object generally to producing any information and/or documents that do not relate to the claims or defenses asserted in this action by any party. Production of information and/or documents that do not relate to the claims or defenses set forth therein shall not be deemed an acknowledgment that such information and/or documents are relevant or admissible.

S.    Defendants object to the "Definitions And Instructions" section of the Interrogatories to the extent that section seeks to impose obligations upon Defendants that are not set forth in the Federal Rules of Civil Procedure, the Local Rules of the District of New Jersey, and/or the conference before the Court held on October 31, 2006.

T.    Defendants object generally to the Interrogatories to the extent they seek to require Defendants to produce documents in a form other than as they are kept in the usual course of business.

U.    A response by Defendants that it "will produce responsive documents" does not mean that Defendants actually has responsive documents. Instead, it means only that, to the extent Defendants does have responsive documents, it will produce them.

## RESERVATIONS

1.    These responses are made without waiver of, and with preservation of:

(a)    The right to object to all requests as to competency, relevancy, materiality, confidentiality, privilege and admissibility of the responses, or the subject matter thereof, as evidence for any purpose in any further proceeding in this action (including the trial of this arbitration) or in any other arbitration and/or action;

4

(b)    The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding in this action (including the trial of this action) or in any other action;

(c)    The right to object on any ground at any time to a demand or request for production or other document request or other discovery proceeding;

(d)    The right to object on any ground to any request revised by the Plaintiff in response to any objection herein that a request, or any part thereof, is vague, ambiguous, overbroad or unduly burdensome; and

(e)    The right at any time to revise, correct, add to, supplement or clarify any of the responses contained herein.

2.    The following responses, and any further responses to the Interrogatories, or to their subject matter, are made expressly without acknowledgment of materiality or relevance of information sought in the Interrogatories, or that the Interrogatories are in any way reasonably calculated to lead to the discovery of admissible evidence. If information is produced that is protected by the attorney-client privilege or any other privilege, such production is inadvertent and is not intended as a waiver of such privilege.

3.    Defendants reserve their right to supplement its objections and responses to the Interrogatories to the extent necessary and appropriate.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 2:

Describe, in detail and with particularity, how the issuance of the Reissued Warrants was carried out or effectuated. Include in your answer and identify all documents that were signed in connection with this purported reissuance and identify all communications that led to and resulted in the purported reissuance of the Reissued Warrants.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the terms "issuance" and "Reissued Warrants" as being inaccurate. Subject to these objections, and without waiving same, Defendants state that, in early January 2006, pursuant to agreements among the parties, including but not limited to the agreement between Yorkville Advisors Management, LLC ("YAM"), through Angelo, and HH Advisors, LLC ("HHA"), through Adam S. Gottbetter, reached in June 2005, and in accordance with the parties' prior course of dealing, Highgate House Funds, Ltd. assigned portions of the Charys Warrants to Michael Chorske, HHA, and YAM to cover the banking and portfolio management fees owed, respectively. Subject to these objections, and without waiving same, Defendants refer Plaintiffs to the documents produced in this action, including the assignments of the Charys Warrants. Further, Charys signed warrants reflecting the assignments.

### INTERROGATORY NO. 3:

With respect to the Reissued Warrants, identify the person(s) who drafted these documents, the person(s) who prepared these documents, and the person(s) who secured the signature of Billy Ray, Jr. on these documents, and set forth the date(s) on which each of these documents was signed by Billy Ray, Jr. and issued, and identify any person who witnessed Billy Ray, Jr. sign these documents.

### AMENDED OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly

6

burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the terms "issued" and "Reissued Warrants" as being inaccurate. Subject to these objections, and without waiving same, Defendants state Jason Rimland prepared the warrants reflecting the names of the assignees and sent them to Charys in the spring of 2006 for signature.

**INTERROGATORY NO. 4:**

Set forth in detail and with particularity the alleged "two other instances this year" in which Yorkville or Highgate House allegedly "agreed to the issuance of warrants directly to" Adam S. Gottbetter, and/or HH Advisors LLC, and/or Gottbetter & Partners, LLP, and/or any other person "to cover their fees with the balance issued to "Yorkville or Highgate House, as claimed in the letter dated October 25, 2006 from August C. Venturini, Esq. to Michael M. Rosenbaum, Esq. which is annexed hereto as Exhibit D.

**AMENDED OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, and without waiving same, Defendants identify the Oxford/Uluru, First Look Studios, Inc., and Cenuco, Inc. transactions.

**INTERROGATORY NO. 6:**

State whether Yorkville or Highgate House agreed to the issuance of any warrants directly to HHA or Michael Chorske in connection with the Charys Transaction. If so, identify all persons who made such agreement, all persons present when such agreement was reached, all communications concerning such agreement, and all documents concerning such agreement.

**AMENDED OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the term "issuance" as being inaccurate. Subject to these objections, and without waiving same, Defendants answer the first question in

7

the affirmative. Subject to these objections, and without waiving same, Defendants further state the agreements were made by Mark Angelo, Adam Gottbetter was present when the agreements were reached, and the communications between Angelo and Gottbetter, including but not limited to in June 2005 concern those agreements. Subject to these objections, and without waiving same, Defendants refer Plaintiffs to the documents produced in this action, including the following: Angelo Ex. 13; letter agreement dated November 1, 2004 between Yorkville Advisors Management, LLC and HH Advisors, LLC; Charys Warrants; assignments of the Charys Warrants (D 00764, 00653, 00805, 00868, 00724, 00673, 00785, and 00848); Asset Reconciliation of Highgate (P 09335-41); e-mail dated January 3, 2006 from Liang Zhao to HHA; portfolio summaries of Highgate's NAV created by YAM, including but not limited to the portfolio summary for the period ended November 30, 2005; Angelo Ex. 2; and Unrealized Gains and Losses dated January 31, 2006 (P 01440-61).

## INTERROGATORY NO. 7:

Identify all communications between and/or among any of the Defendants and Charys with respect to the issuance of the Reissued Warrants, including, but not limited to, the issuance to Highgate House of the Reissued Warrants annexed hereto as Exhibit C.

## AMENDED OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the terms "issuance" and "Reissued Warrants" as being inaccurate.

## INTERROGATORY NO. 8:

If any of the Defendants claim that some or all of the Defendants had the authority to cause Charys to issue the Reissued Warrants, identify all communications in which such authority was allegedly provided, and identify all documents concerning the alleged provision of such authority.

8

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the term "Reissued Warrants" as being inaccurate. Subject to these objections, no authority was needed to cause Charys to sign warrants issued to the assignees.

## INTERROGATORY NO. 9:

Set forth the percentage amount of the fee earned by Yorkville on the Charys Transaction that you claim Defendant Chorske was entitled to as a commission.

## AMENDED OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, and without waiving same, Chorske is not claiming any part of YAM's fee as his fee comes off the top.

## INTERROGATORY NO. 10:

Set forth in detail the factual basis for Defendants' contention that HHA, Chorske and/or any other of the Defendants are entitled to a percentage of the Charys Warrants.

## AMENDED OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, and without waiving same, Defendants state that, pursuant to agreements among the parties, including but not limited to the agreement between Yorkville, through Angelo, and HHA, through Gottbetter, reached in June 2005, and in accordance with the parties' prior course of dealing, 44.4% of the warrants issued on certain

investments made by Highgate, including the Charys investment, (after subtracting warrants due to bankers if any off the top) could be issued directly to HHA, and 10% of the 1,000,000 Charys Warrants could be issued directly to Chorske as the banker's fee.

**INTERROGATORY NO. 11:**

Do you contend that any admissions or declarations against interest with regard to the issues in this lawsuit have been made by any party or person? If so, identify (as that term is defined herein) the person who made the admission or declaration against interest and the substance thereof.

**AMENDED OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, and without waiving same, Defendants answer the first question in the affirmative and state that Defendants have produced the relevant documents containing such admissions or declarations against interest. Subject to these objections, and without waiving same, Defendants further state that Christopher Maloney and Mark Angelo admitted that Plaintiffs approved of the issuance of equity, including the Charys Warrants, directly to HHA and Chorske, and Troy Rillo implicitly conceded that warrants could be issued directly to HHA and the bankers.

Dated: December 20, 2006

VENTURINI & ASSOCIATES

By: _____

August C. Venturini (AV 2804)
Sean W. Higgins (SH 4190)
Attorneys for Defendants,
Adam S. Gottbetter; HH Advisors, LLC, Gottbetter
& Partners, LLP, Jason Rimland, Esq.; Tim L.
Dockery, Esq., And Michael W. Chorske

10

TO: BUDD LARNER, P.C.
   Attorneys for Plaintiff
   Michael M. Rosenbaum, Esq. (MR-6304)
   150 John F. Kennedy Parkway, CN1000
   Short Hills, New Jersey 07078-0999
   (973) 379-4800

## CERTIFICATION

I declare under penalty of perjury that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are will fully false, I am subject to punishment.

Defendants

By:_____

Name:
Title:
Date:  December 20, 2006

TO:    BUDD LARNER, P.C.
       Attorneys for Plaintiff
       Michael M. Rosenbaum, Esq. (MR-6304)
       150 John F. Kennedy Parkway, CN1000
       Short Hills, New Jersey 07078-0999
       (973) 379-4800

12

# EXHIBIT E

From: Jason M. Rimland [JMR@gottbetter.com]
Sent: Wednesday, June 14, 2006 10:43 AM
To: White, Darcy R.
Cc: Leach, Karen K.; mikebrenner@mtgsi.com; Ray Smith; Michael W. Chorske
Subject: CHYS

Attachments: CHYS - Revised Warrant Calculation - 060906 (00085101).PDF; $1.00 Warrant (00085096).PDF; $0.75 Warrant (00085098).PDF; $0.50 Warrant (00085099).PDF; $0.25 Warrant (00085100).PDF

Attached are the original warrants issued in the November 16, 2005 transaction with Highgate House Funds. As Michael discussed with Billy Ray, G&P as escrow agent of the warrants requests that you subdivide the warrants pursuant to the attached chart. The number of warrants has not changed and the terms of the warrants have not changed. The only changes that were made were to the denominations and the names. If you would like a blackline, please let us know. If there is another way you would like to accomplish the transfer, also let us know. Once we receive the new warrants, we will send back the warrants that we are holding in escrow. Thanks.

Jason M. Rimland
Gottbetter & Partners, LLP
188 Madison Ave., 12th Fl.
New York, NY 10022
T-212.400.6900
F-212.400.6901
mr@gottbetter.com
www.gottbetter.com


IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. If you are not the original addressee of this communication, you should seek advice based on your particular circumstances from an independent advisor.


EXHIBIT
P-30

# CHARYS
# REVISED WARRANT CALCULATION

|      |         | $   0.50 | $   0.25 | $   0.75 | $   1.00 | TOTAL     |
|------|---------|----------|----------|----------|----------|-----------|
| MWC  | 13.52%  | 54,080   | 27,040   | 27,040   | 27,040   | 135,200   |
| JMR  | 4.00%   | 16,000   | 8,000    | 8,000    | 8,000    | 40,000    |
| HHA  | 38.00%  | 152,000  | 76,000   | 76,000   | 76,000   | 380,000   |
| HHF  | 44.48%  | 177,920  | 88,960   | 88,960   | 88,960   | 444,800   |
|      | 100.0%  | 400,000  | 200,000  | 200,000  | 200,000  | 1,000,000 |